

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-85,538-01

### EX PARTE BILLY JACK VERCHER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-12-0815-SB-W-1 IN THE 340TH DISTRICT COURT
### FROM TOM GREEN COUNTY

*Per curiam*.  ALCALA, J., filed a concurring opinion.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to thirty years' imprisonment. The Third Court of Appeals affirmed his conviction. *Vercher v. State*, No. 03-13-00799-CR (Tex. App. — Austin, Oct. 7, 2015) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

because counsel did not object or try to negotiate an immunity agreement when the prosecutor threatened to prosecute defense witness and co-defendant Patrick Semple for enhanced aggravated assault if he testified that he held Applicant at gunpoint to compel him to participate in the offense, causing Semple to invoke his Fifth Amendment right against self-incrimination. Applicant also alleges that trial counsel should have objected when the prosecutor stated that the State had pictures of Applicant relaxing in the home of his co-defendant after the robbery, when no such pictures existed. Applicant alleges that trial counsel should have objected when the prosecutor improperly commented on Applicant's failure to give a statement to police.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for

habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 5, 2016
Do not publish